UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL L. THOMAS, JR.,

    Plaintiff,

v.                                          CASE NO. 8:24-cv-638-SDM-TGW

OFFICER MORALES,
CORPORAL JONES,

    Defendants.
_____/

**ORDER**

    Thomas's complaint alleges that the defendants violated his civil rights during his pre-trial detention in the Hernando County Detention Center. Thomas moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

    Thomas alleges that he was in his cell playing cards with his cellmates when Officer Morales approached the cell, called Thomas, and handcuffed him. While escorting Thomas to another area, Officer Morales allegedly "grabbed me by my arm

and pushed me into corridor 22" where Thomas was locked inside a "cage." (Doc. 1 at 6) Thomas alleges that during this process defendants Officer Morales and Corporal Jones used foul language and verbally threatened Thomas, such as "I'll have you handled" and "sign up at my gym and I'll beat your ass." Thomas admits that he "was not physically harmed but [asserts that he was] mentally and emotionally damaged." (Doc. 1 at 6) Thomas requests both damages of "$40,000 for my pain and suffering" and the "impos[ition] of some kind of sanctions and reprimand" for the two officers. (Doc. 1 at 6) These facts fail to assert a claim actionable under Section 1983.

First, although unprofessional and offensive, neither harassment nor verbal abuse alone is unconstitutional conduct. "Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989). *Accord Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding (1) that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats and (2) that "verbal abuse alone is insufficient to state a constitutional claim"). Other circuits have similar precedent. *See, e.g., Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (holding that allegations of mere verbal abuse do not present an actionable Section 1983 claim); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987) (holding that verbal abuse does not violate the Eighth Amendment); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (concluding that a prisoner's allegations about prison staff harassment generally does

not state a constitutional violation); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that "disrespectful and assaultive comments," which allegedly denied prisoner "peace of mind," is not an Eighth Amendment violation); *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (recognizing that officers allegedly threatening to kill an inmate is not cognizable under Section 1983).

Second, a reprimand is not a form of relief available in a Section 1983 action, and Thomas cannot recover compensatory damages more than nominal damages because he sustained no actual injury. A physical injury is required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), which states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." As explained in *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002), "[i]n order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." *See also Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Section 1997e(e), however, bars any claim seeking compensatory damages for emotional distress suffered while in custody."); *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1342–46 (11th Cir. 2005) (recognizing that absent any evidence proving compensatory damages, a court is justified in limiting a plaintiff's award of nominal damages to one dollar). Consequently, even if he could state a claim, Thomas would recover neither of the only two requested forms of relief.

As shown above, Thomas fails to state a claim upon which relief can be granted. Amendment of the action would prove futile because Thomas can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted. The Prisoner Consent Form (Doc. 3), construed as a motion for leave to proceed *in forma pauperis*, is **DENIED AS MOOT**. The clerk must enter a judgment of dismissal against Thomas and **CLOSE** this case.

ORDERED in Tampa, Florida, on July 12, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE